FILED

2017 JUN 26 PM 1: 12

U.S DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMY LEONARD,

      Plaintiff,

vs.

      CASE NO.:
      6:17-cv-1171-Orl-41GJK

ATLANTIC SURGERY & LASER
CENTER, LLC., a Florida Limited
Liability Company, FREDERICK HO,
M.D., P.A., a Florida Profit
Corporation, and K. FREDERICK
HO, individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMY LEONARD, by and through her undersigned counsel, hereby files this Complaint against ATLANTIC SURGERY & LASER CENTER, LLC ("ASLC"), a Florida Limited Liability Company, K. FREDERICK HO, M.D., P.A. ("KFHMD"), a Florida Profit Corporation, and K. FREDERICK HO ("Dr. Ho"), individually; and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, unlawful retaliation and reasonable attorney's fees and costs.

2. This Court has jurisdiction over this controversy based upon 29 U.S.C. §216(b).

## PARTIES

3. At all relevant times, Plaintiff was, and continues to be a resident of Satellite Beach, Florida (Brevard County).

4. At all relevant times, ASLC was a Florida Limited Liability Company engaged in business in Melbourne, Florida (Brevard County).

5. At all relevant times, KFHMD was a Florida for Profit Corporation engaged in business in Melbourne, Florida (Brevard County).

6. Defendants, ASLC and KFHMD share a common address, telephone number, human resources department, payroll systems, accounting personnel, managers, directors, and provide benefits under a common policy.

7. Defendants ASLC and KFHMD have joined and combined to form and constitute a joint employer and/or single enterprise by:

      (a) performing related activities;

      (b) exercising unified operation or common control over Plaintiff;

      (c) operating for a common business purpose with respect to KFHMD;

      (d) the degree of control ASLC and its employees demonstrate over KFHMD's employees;

      (e) the degree of supervision ASLC has over the work of KFHMD;

      (f) ASLC and its employees determine the pay rates or the methods of payment of KFHMD employees;

(g) ASLC has the right to hire, fire, or modify the employment conditions of KFHMD's employees, including Plaintiff;

(h) ASLC and KFHMD acted directly or indirectly in the interest of each other with respect to the Plaintiff;

(i) ASLC and KFHMD are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the Plaintiff, directly or indirectly, by reason of the fact that the ASLC controls KFHMD.

8. ASLC's officers, directors and/or managers were ultimately in a position of authority over the business decisions that led to the FLSA violations.

9. At all relevant times, ASLC and KFHMD jointly employed the Plaintiff.

10. Defendant, Dr. Ho is an employer as defined by 29 U.S.C. § 201, *et. Seq.*, in that he acted directly or indirectly, in the interest of KFHMD towards Plaintiff.

11. Upon information and belief, at all times material hereto, Defendant, Dr. Ho was and continues to be an individual, resident of Melbourne, Florida (Brevard County), was and continues to do business in Melbourne, Florida (Brevard County), was and continues to be the sole officer, registered agent, manager, and owner of ASLC, as well as of KFHMD.

12. Dr. Ho regularly exercised the authority to: (a) hire and fire employees of KFHMD; (b) controlled the finances and operations of KFHMD; (c) controlled significant aspects of the corporation's day-to-day operations, including the authority to set wages; (d) actively participated in the overall supervision of KFHMD; and (e) ultimately in a position of authority over the business decisions that led to the FLSA

3

violations.

<h2 align="center">COVERAGE</h2>

13.    At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14.    At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

15.    At all relevant times, Defendants were the "employers" within the meaning of FLSA.

16.    Defendants were, and continue to be, "employers" within the meaning of FLSA.

17.    At all relevant times, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

18.    At all relevant times, Defendants were, individually and separately, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

19.    Based upon information and belief, the annual gross revenue of Defendants, individually and separately, was in excess of $500,000.00 per annum during the relevant time periods.

20.    At all relevant times, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

21.    At all relevant times, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

4

22.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23.     Plaintiff worked as a "medical assistant" for Defendants, KFHMD and Dr. Ho from approximately January 16, 2017 to the present.

24.     Plaintiff also worked as a "receptionist" for Defendants, ASLC and Dr. Ho during the same period of time.

25.     Defendants provide eye care (medical and surgical) for their patients/customers.

26.     Plaintiff was compensated on an hourly basis.

27.     Plaintiff worked for Defendants in excess of forty (40) hours in various workweeks throughout the duration of her employment.

28.     However, Defendants, through their intertwined companies and payment policy, required Plaintiff to work "partial shifts" at both entities in order to avoid paying overtime compensation at either entity.

29.     Plaintiff was also not fully compensated for the hours that she worked.

30.     Plaintiff was required to clock in and clock out at both KFHMD and ASLC; however, Plaintiff noticed that she was not being paid for all hours that she worked. Upon information and belief, Plaintiff's clock in and clock out times have been edited to reduce the total wages earned including any overtime which would have been owed.

31.     Defendants violated Title 29 U.S.C. §207 for the relevant period of time in that:

     a.    Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

     b.    No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

     c.    Defendants failed to maintain proper time records as mandated by the FLSA.

32.     Defendants retaliated against Plaintiff by notifying her that she will not be trained by her supervisor and that her employment will be terminating soon due to her legal action against the Defendants.

33.     Defendants have violated Title 29 U.S.C. §215 in that they have discriminated and retaliated against Plaintiff for exercising her rights under the FLSA.

34.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

35.     Defendants' retaliatory conduct against Plaintiff for complaining about Defendants' pay practices were willful.

## COUNT I
## <u>VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION</u>

36.     Plaintiff realleges and incorporates paragraphs 1-35 as if fully set forth herein.

37.     Plaintiff worked in excess of the forty (40) hours per week.

38.     Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

39.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

40.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

41.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

42.     Defendants failed to properly disclose or apprise Plaintiff's rights under the FLSA.

43.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

44.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

45.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

46.     Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants failed to properly pay Plaintiff proper overtime wages at time and one half their regular rate of pay for such hours.

47.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed as a "medical assistant" and "receptionist"; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## COUNT II - RETALIATION

48.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 35 above.

49.    During her employment with Defendants, Plaintiff made complaints to Defendants that she was not being paid overtime compensation and expressed her desire to be paid the same.

50.    Following Plaintiff's complaints the Defendants notified Plaintiff that she would no longer receive training and that her employment will be terminated.

51.    Specifically, ASLC's administrator, Lisa Lancaster, notified Plaintiff that she will no longer be providing her training as she was not going to continue her employment with Defendants for much longer due to her lawsuit.

52.    Defendants have discriminated and retaliated against Plaintiff because she complained about Defendants' unlawful pay and employment practices in violation of 29 U.S.C. §215(a)(3).

53.    Defendants' retaliatory and discriminatory conduct towards Plaintiff was willful as Defendants knew or should have known that their actions were in violation of 29 U.S.C. §215(a)(3).

54.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

55.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 23 day of June, 2017.

Respectfully submitted by,

_____
James J. Henson, Esq.
Florida Bar No. 77476
MORGAN & MORGAN, P.A.
20 North Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
*Attorneys for Plaintiff*