# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMY LEONARD,**

       **Plaintiff,**

**v.**                                                             **Case No: 6:17-cv-1171-Orl-41GJK**

**ATLANTIC SURGERY & LASER
CENTER, LLC, FREDERICK HO, M.D.,
P.A. and K. FREDERICK HO,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE (Doc. No. 19)
>
> **FILED:** September 19, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. FACTUAL BACKGROUND

On June 26, 2017, Plaintiff filed a complaint against Defendants alleging unpaid overtime compensation and retaliation under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. Doc. No. 1. On September 19, 2017, the parties filed a joint motion (the "Motion") requesting that the Court approve their FLSA settlement agreement (the "Agreement") and dismiss the case with prejudice. Doc. No. 19. The parties attach a copy of the Agreement in support. Doc.

No. 19-1. For the reasons that follow, it is recommended that the Agreement be approved and the case be dismissed with prejudice.

## II. APPLICABLE LAW

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.* Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and

(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *See also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Id.* at 351-52.[2] For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff</u>, then, unless the settlement does not appear reasonable on its face or there is reason to believe

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> <u>that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.</u>

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds Judge Presnell's reasoning persuasive.

## III. ANALYSIS

### A. Settlement Amount

Plaintiff will receive $339.58 under the Agreement, which consists of $169.79 for Plaintiff's alleged unpaid overtime compensation and $169.79 for Plaintiff's alleged liquidated damages.[5] Doc. No. 19-1 at 2. The parties filed the Motion before Plaintiff filed her answers to the Court's interrogatories, and thus, the Court does not have verified evidence as to whether Plaintiff compromised her FLSA claim. Nevertheless, Plaintiff represents that the payments received under the Agreement "equate to the full and complete payment of all wages … she is allegedly owed." Doc. No. 19 at 2-3. Furthermore, the case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. *Id.* at 2. Considering the expense and length of continued litigation, the parties decided to amicably settle their dispute. *Id.* at 5. Both parties are represented by counsel, and the parties agreed to the terms of their settlement after consulting such counsel. *Id.* Considering the foregoing, along with the strong presumption favoring settlement, it is recommended that the Court find the settlement amount to be fair and reasonable.

---

[5] The Agreement does not address Plaintiff's FLSA retaliation claim. Doc. No. 19-1. This Court, however, has held that "a settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim." *Thompson v. Dealer Mgmt. Services, Inc.*, Case No: 6:16–cv–1468–Orl–40KRS, 2016 WL 7644856, at * 1 (M.D. Fla. Dec. 13, 2016).

**B. Release Provision**

Under the Agreement, Plaintiff "waives, releases and discharges the Defendants from any and all liability and damages of any nature related to or resulting from Plaintiff's claims as set forth in the Lawsuit." Doc. No. 19-1 at 3. This Court has required separate consideration for releases, but only when such releases are broad, general, or not limited to certain claims. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010); *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release). Here, the release is limited to all liability and damages related to or resulting from Plaintiff's claims. Doc. No. 19-1 at 3. Because of the Agreement's limited release, no separate consideration is required. Accordingly, it is recommended that the Court find the Agreement's release provision to be fair and reasonable.

**C. Attorneys' Fees**

Under the Agreement, Plaintiff's counsel will receive $2,387.24 for attorneys' fees and costs. Doc. No. 19-1 at 2. The Motion states that "Plaintiff's attorneys' fees and costs were negotiated and agreed upon separately." Doc. No. 19 at 3. Such a representation adequately establishes that the issue of attorneys' fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is recommended that the Court find the Agreement's attorneys' fee provision to be fair and reasonable.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 19); and

2) **APPROVE** the Agreement (Doc. No. 19-1) to the extent that the Court finds the Agreement to be a fair and reasonable resolution of Plaintiff's claims; and

3) **DIRECT** the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on October 4, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy